## MOORE et al. v. FIRST NAT. BANK OF WAURIKA.

No. 3368.   Opinion Filed November 17, 1914.

(144 Pac. 364.)

**MORTGAGES—Attorney's Lien—Priorities.**  Where, in a suit to fore-close a real estate mortgage dated February 17, 1909, it seems that interveners were entitled to an attorney's lien on 70 acres of land in controversy, which accrued December 6, 1910, as it does not appear from authorities cited that the court erred in decreeing the mortgage lien to be superior to that of the attorney's lien and ordering a sale and, in the order of their priority, a satisfaction of the liens out of the proceeds of the property sold, this court will not disturb the judgment.

(Syllabus by the Court.)

*Error from District Court, Jefferson County; Frank M. Bailey, Judge.*

Action by the First National Bank of Waurika against Katherine Sorrells and another, wherein Jas. B. Moore and others intervened.  Judgment for plaintiff, and interveners bring error.  Affirmed.

*H. A. Ledbetter,* for plaintiffs in error.

*N. C. Peters,* for defendant in error.

TURNER, J.   On July 5, 1910, First National Bank of Waurika, defendant in error, sued Katherine Sorrells and Geo. W. Sorrells on their past-due promissory note for $1,300 and to foreclose their real estate mortgage to secure the payment thereof, both dated February 17, 1909, and duly recorded. Charles L. Jones and Frank L. Jones were alleged to claim some interest adverse to the interest of both plaintiff and the Sorrells, and were made parties defendant to the suit.   After summons had been served, came plaintiffs in error J. B. Moore, E. Dunlap, and H. A. Ledbetter, who intervened and set up that at the time of the execution of the mortgage the Joneses had title to the land; that said Moore and Ledbetter were attorneys and represented Katherine Sorrells, who sued the Joneses in the district

court of Carter county to quiet her title to 70 acres thereof; that on the trial in the district court they failed to recover, whereupon they appealed to this court, which reversed the judgment of the trial court and quieted her title as prayed; that pending said suit said note and mortgage were executed, and when the mandate came down in said cause from this court they, as attorneys for Katherine Sorrells, lodged an attorney's lien for $275, pursuant to contract, against said 70 acres, which lien they, on December 6, 1910, caused to be placed of record in the county where the land lies. They claimed their lien to be superior to that of the mortgage, and prayed that it be so decreed, and that the land be sold to satisfy the same and the balance paid to satisfy the claim of the mortgage. There is no controversy over the validity of this lien, but on the other hand it is contended that the same is inferior to that of the mortgage. On this state of facts there was trial and judgment for plaintiffs for the amount of their debt, and the mortgage was ordered foreclosed to satisfy the same, with directions that, when done, the balance of the purchase money, if any, be turned over to plaintiffs in error to satisfy their attorney's lien. From this judgment interveners bring the case here, and assign that the court erred in declaring their lien inferior to that of the mortgage.

Assuming the validity of the attorney's lien, as they cite no authority in support of their contention, and we can find none, the judgment of the trial court is affirmed.

All the Justices concur.